Jones, J.
The statute under which the board of county commissioners acted is Section 2409, General Code, and reads as follows:
“If such board finds it necessary for the clerk to devote his entire time to the discharge of the duties of such position, it may appoint a clerk in place of the county auditor and such necessary assistants to such clerk as the board deems necessary. Such clerk shall perform the duties required by law and by the, board.”
The relator claims that this statute authorizing the appointment of a clerk is unconstitutional for the reason that it is in conflict with Section 2, Article X of the State Constitution, which provides as follows:
“County officers shall be elected * * * by the electors of each county in such manner, and for such term, not exceeding three years, as may be provided by law.”
It is claimed by the relator that, since the clerical duties imposed upon the clerk had formerly been part of the statutory and official duties of the auditor, the appointee of the board should be held to be a county officer, and, as such, under the terms of *159 the foregoing section of the constitution, should be elected.
Is Crawford, the appointee of the board of commissioners, a county officer, and does the code section, supra, in providing for said appointment with the duties attached thereto, contravene the constitutional requirement that such an officer must be elected?
The usual criteria in determining whether a position is a public office are durability of tenure, oath, bond, emoluments, the independency of the functions exercised by the appointee, and the character of the duties imposed upon him. But it has been held by this court that while an oath, bond and compensation are usually elements in determining whether a position is a public office they are not always necessary. In the present case some of the indicia are lacking. The appointee is not required to give a bond or to take an oath, and neither by statute nor by the resolution of appointment was there a fixed tenure of employment. Crawford was employed for an indefinite period at a monthly salary of $125 per month. His position, therefore, was subject to the pleasure of the commissioners. The chief and most-decisive characteristic of a public office is determined by the quality of the duties with which the appointee is invested, and by the fact that such duties are conferred upon the appointee by law. If official duties are prescribed by statute, and their performance involves the exercise of continuing, independent, political or governmental functions, then the position is a public office and not an employment,
*160 It is here insisted that as the duties cast upon the appointee of the board were public in their nature, and such as the county auditor in his ex-officio capacity was required by law to perform, they thus became official duties, transferred from the domain of a county officer to one designated as clerk by virtue of the code section referred to. It must be remembered, however, that these duties of the county auditor so transferred were merely clerical and involved the exercise of no function that could be construed as governmental. It is no longer an open question in this state that “to constitute a public office, * * * it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law.” State, ex rel. Attorney General, v. Jennings et al., 57 Ohio St., 415; State, ex rel. Armstrong, v. Holliday, Auditor, 61 Ohio St., 171; Palmer v. Zeigler, 76 Ohio St., 210, and State, ex rel., v. Brennan, 49 Ohio St., 33.
In all of these cases it is manifest that the functional powers imposed must be those which constitute a part of the sovereignty of the state. But as stated by Spear, C. J., in The State, ex rel. Hogan, Atty. Gen., etc. v. Hunt, 84 Ohio St., at page 149, without a satisfactory definition of what is the “sovereignty of the country” the term “office” is not adequately defined. If specific statutory and independent duties are imposed upon an appointee in relation to the exercise of the police powers of the state, if the appointee is invested with independent power in the disposition of public property or with power to incur financial obligations upon *161 the part of the county or state, if he is empowered to act in those multitudinous cases involving business or political dealings between individuals and the public, wherein the latter must necessarily act through an official agency, then such functions are a part of the sovereignty of the state.
The duties cast upon Crawford, however, are not of that character. His employment is not durable in time. The board of county commissioners are the officials who are in fact clothed with the sovereign power of the state, and the duties of the clerk are incidental thereto and purely clerical. He is the amanuensis of the board. As the statute and resolution designate him, he is a “clerk” whose business it is to record its transactions. He has no police power, no power affecting public obligation, financial or otherwise,' and he does not represent the public in the slightest capacity in any transaction involving it and the individual.
It therefore follows that Crawford’s appointment as clerk was an employment, and not an appointment to a county office, and that Section 2409, General Code, is not in conflict with Sections 1 and 2 of Article X of the State Constitution. The. judgment of the court of appeals is affirmed.

Judgment affirmed.

* Nichols, C. J., Wanamaker, Newman, Matthias, Johnson and Donahue, JJ., concur.